# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RONNIE E. CONNOLLY,**

                 **Plaintiff,**

**-vs-**                                                  **Case No.  6:10-cv-900-Orl-28GJK**

**STATE OF FLORIDA, JUDGE JON B.
MORGAN, DR. MATHEW SCIBEL, KIN
KOMARA, MARK BURNHAM,**

                 **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNTIED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPEAL FOR FORMOR [sic] PALPERSE [sic] REQUEST FOR COURT APPOINTED ATTORNEY (Doc. No. 11)** |
| **FILED:** | **August 24, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**, the amended complaint (Doc. Nos. 12-16) be **DISMISSED**, and the case be closed.

**I.**      **BACKGROUND.**

      On May 4, 2010, Ronnie E. Connolly (the "Plaintiff") initiated this action *pro se* by filing a Civil Rights Complaint Form (the "Complaint") against the State of Florida, Judge Jon B.

Morgan, Dr. Mathew Scibel, Kin Komara, and Mark Burnham. Doc. No. 1. The Complaint is a Civil Rights Complaint Form which is provided to prisoners pursuant to the Prison Litigation Reform Act of 1995. *See* Doc. No. 1 at 2. Plaintiff is not currently incarcerated. See Doc. No. 1 at 1.

In the Complaint, Plaintiff provides the following "Statement of Claim":

> Charges changed three times – two bump –up's for VOP. Altered out of state documents to inhance [sic] charges by score sheet – false witness – no evidentiary hearing to correct sentence. Denied a new trial due to use of altered documents and 220 pts removed due to use false score sheet – bared from using case number.

Doc. No. 1 at 8. In the "Statement of Facts", Plaintiff states:

> Attorney Mark Burnham – did not go over score sheet or tell me about the use of altered misdemeanor's [sic] being used to inhance [sic] score sheet and did not help or advise me concerning HRS's threat of adopting my children out unless I changed my plea to no contest or guilty. He also did not investigate the out of state misdemeanors the State claimed 2nd degree felonies. (1992 – Kissimmee Courthouse).
>
> District Attorney Jon B. Morgan – sent to Macon, Georgia for prior record of me walking of a City Stockaide [sic] 20 some years ago on a misdemeanor. He by another district attorneys statement to the Fla Bar altered the plea sheet by typing in the words "and weaver" [sic] above the sentence of guilty or not guilty. He also used a false statement by Dr. Matthew Scibel to claim victim injuries. When removed gave me a bump up for VOP to keep the false score sheet where he could get me sentenced to 15 yrs. When I had one misdemeanor removed I was again given a bump-up for VOP making this 2 bump-ups in order not to correct my sentence in 1994 VOP hearing.
>
> Dr. Matthew Scibel – false statement of penetration was proven false as victim injury had to be removed due to no slight, moderate or penetration ever happening. There was no victim. 2nd bump up was given when victim injury was removed. Att. Kin Komara when he proved no victim injury allowed the Court to sentence me

2

> for assault and did not defend the fact there was no assault or victim. He allowed my being sentenced to 15 yrs also he did not argue or investigate the misdemeanors being used as felonies either. Again false representation. I lost my family, 2 grand kids, my mother, and my freedom as well as my future based on false rep. and false statements – false documents.

Doc. No. 1 at 8-9. In the Complaint, Plaintiff requests the following relief:

> If score sheet had been corrected I would not have spent 14 [years and 3] months in prison. I was not guilty of assault or penetration. I want this sex charge vacated off my record and all federal and state computers. <u>I want compensation for the time imprisoned falsely and compensation for public defender's not representation in the investigation of the false statements, 2 illegal bump-ups</u>. Also for false statements, and score sheet as well as allowing me to be imprisoned when it was proven there was not victim.

Doc. No. 1 at 10 (emphasis added). Thus, the gravamen of Plaintiff's Complaint is that he was wrongfully convicted of a crime nearly fifteen years ago and he received an illegal sentence based on false representations that occurred fifteen (15) years ago. Doc. No. 1. In the Complaint, Plaintiff fails to allege a basis for the Court's jurisdiction. Doc. No. 1. Plaintiff also filed an Application to Proceed Without Prepayment of Fees and Affidavit (the "Motion to Proceed In Forma Pauperis"). Doc. No. 3

On August 10, 2010, the undersigned entered an order (the "Order") denying without prejudice the Motion to Proceed In Forma Pauperis and directing Plaintiff to file an amended complaint within twenty-one (21) days. Doc. No. 9. In the Order, the Court found that the Complaint failed to comply with Rule 8, Federal Rules of Civil Procedure. Doc. No. 9 at 9. The Court also noted that "the alleged unlawful conduct appears to have occurred nearly fifteen years ago, or eleven years beyond the statue of limitations period." Doc. No. 9 at 9. In an abundance of caution, the Court provided Plaintiff with an opportunity to file an amended complaint and

3

instructed Plaintiff as to the following directives:

> 1) Plaintiff shall place his full name in the style of the case on the first page and provide his full name and current address in the appropriate section at the end of the complaint;
> 2) Plaintiff shall name as defendants only those persons who are responsible for the alleged constitutional, statutory, common law, or other violations asserted by Plaintiff;
> 3) Plaintiff must provide the full name and current address for each defendant;
> 4) **Plaintiff shall specifically allege the basis upon which the Court has subject matter jurisdiction for each claim asserted**;
> 5) Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by each Defendant;
> 6) Plaintiff shall set forth each claim in a separate count;
> 7) Plaintiff must set forth a short plain statement of facts as to each claim and state each defendant's involvement in the violation alleged in each claim;
> 8) Plaintiff must show how Plaintiff has been damaged or injured by the actions and/or omissions of the Defendant(s); and
> 9) Plaintiff shall set forth a clear statement of the relief sought for each claim.

Doc. No. 9 at 9-10 (emphasis in original).[1]

On August 24, 2010, Plaintiff filed an amended complaint (the "Amended Complaint") and an Appeal for Formor [sic] Palperse [sic] Request for Court Appointed Attorney (the "Renewed Motion") requesting that Plaintiff be permitted to proceed in forma pauperis and that the Court appoint counsel to represent Plaintiff. Doc. Nos. 11-16.[2] In the Amended Complaint, Plaintiff alleges 42 U.S.C. § 1983 as the basis for the Court's subject matter jurisdiction.

Plaintiff alleges that the State of Florida wrongfully increased his criminal sentence in

---

[1] In the Order, the Court also denied Plaintiff's request that the Court appoint a public defender to represent him. Doc. No. 9 at 11.

[2] Plaintiff filed the Amended Complaint as six separate documents, each listing an individual defendant. Doc. Nos. 12-16. It appears that Plaintiff misconstrued the Court's instructions to set forth each claim in a separate count and, instead, set forth each claim against each defendant in a separate complaint. *See* Doc. Nos. 12-16.

4

1994 by treating two out of state misdemeanor charges as second-degree felony convictions. Doc. No. 12 at 4. Plaintiff titles his claim against the State of Florida as "1983 Civil Rights Complaint for Illegal Imprisonment, And Fundamental Error's, Use of Altered Out of State Documents, Two Illegal Bump-ups for [Violation of Probation], and Prejudice by the Court to Correct Sentencing Score Sheet or Allow Evidentiary Hearing." Doc. No. 12 at 1. Plaintiff states:

> The 9th Judicial Circuit Court of Osceola County, Kissimmee, Fl, did allow a bump-up for [Violation of Probation] in 1994 again when an out of state misdemeanor was dropped. This allowed 2 Bump-up's which is fundamental error on behalf of the Court, also the Court allowed out of state misdemeanors to be used as 2nd degree felonies. This same Court refused to allow an evidentiary [hearing] to correct the illegal score sheet as well as to allow Plaintiff a new trial. Plaintiff was instead informed Plaintiff could no longer file any papers using his case number. This was and is fundamental error, and absolutely illegal.

Doc. No. 12 at 4. Thus, Plaintiff is challenging the legality of his 1994 criminal sentence. *Id*.

Plaintiff contends that in 1992, Mark Burnham, Plaintiff's court appointed public defender, wrongfully failed to contest the state of Florida's use of the out of state misdemeanor charges and failed to properly advise Plaintiff on how to challenge the state of Florida's actions. Doc. No. 13 at 4. Plaintiff states:

> Mr. Mark Burnham, Plaintiff's public defender in 1992 was present when [the Florida Department of Health and Rehabilitative Services ("HRS")] and the District Attorney [sic] summoned Plaintiff's wife to there [sic] office. She returned crying saying HRS had said if Plaintiff did not change his plea from innocent to gility [sic] or no contest their children would be adopted out. Plaintiff ameadently [sic] change his plea to no contest in order to protect his children. The Court under Judge Format the D.A. [sic] demanded that 12 yrs probation be added to the sentence imposed by Judge Formatt of 1yr county and 2 yrs probation thus giving

5

> Plaintiff a total of 15 yrs. This was done by the use of two out of state misdemeanor's [sic] being counted as second degree felonies. Mr. Burnham never contested this fact nor did he advise Plaintiff of what to do due to the threat or did he question the misdemeanor's [sic] being used as felonies to inhance [sic[ his sentence.

Doc. No. 13 at 4. Thus, Plaintiff is alleging that Mr. Burnham provided ineffective assistance of counsel by failing to challenge the illegal sentence imposed on Plaintiff. *Id*.

Plaintiff maintains that Dr. Matthew Scibel, in connection with Plaintiff's criminal proceedings between 1992 and 1994, filed a false affidavit stating Plaintiff digitally penetrated a minor. Doc. No. 14 at 4. Plaintiff states:

> Doctor Matthew Scibel filed a sworn statement saying Plaintiff digitly [sic] penetrated his daughter of 9 and a half years old. Doctor Scibel did so knowing this to be false. Plaintiff's daughter was tested and it was proven there had been no contract whatsoever, slight, moderate or otherwise. The victim injury was droped [sic] and 40 points deleted. Yet, the Court still sentenced the Plaintiff to 15 years for Lewed [sic] Assault on a minor under the age of sixteen. Due to this false statement, Plaintiff's charge was raised from lewed [sic] act in the presence's [sic] of a minor to assault. . . . The dual process of protecting a defendant's due process right to be sentenced on the base's [sic] of accurate information and providing a clear record of disposition of controverted [sic] fact's [sic] in a [Pre-Sentence Investigation Report], which will aide both Court and ministrative [sic] agencies . . . state's [sic] due process requires that a defendant not be sentenced based on materially untrue assumption's [sic], or on misinformation. Yet the 9th Judicial Circuit Court allowed this and did nothing to correct it.

Doc. No. 14 at 4. Due to Dr. Scibel's allegedly false affidavit, Plaintiff asserts he was illegally sentenced to fifteen (15) years imprisonment. Doc. No. 14 at 4.

Plaintiff also asserts that Kin Komara, a court appointed public defender, wrongfully failed to challenge Plaintiff's assault charge in 1994. Doc. No. 15 at 4. Plaintiff states:

6

> Public Defender Kin Komara, Plaintiff's [attorney] in 1994, did get the victim injury charge droped [sic] due to the fact there was no victim or victim injury slight, moderate, or any other fassion [sic]. Mr. Komara did not argue the charge of assault being removed and this charge being droped [sic] yet allowed the Court to give me a second bump-up for [violation of probation]. Thus allowing Plaintiff to be sent to prison for 15 yrs illegally!

Doc. No. 15 at 4. Therefore, Plaintiff argues that, due to Mr. Komara's ineffective assistance of counsel, Plaintiff received an illegal sentence in 1994. *Id.*

Finally, Plaintiff maintains that Jon Morgan, who in 1994 was an Assistant State Attorney, wrongfully prosecuted Plaintiff, falsified documents, and thereby secured an illegal sentence. Doc. No. 16 at 4-5. Plaintiff states:

> Judge Morgan who was my District Attorney [sic] in 1994 raised the charges against Plaintiff several times. This was I beleave [sic] due to Dr. Scibel's false statements yet when victim injury was deleted still prosicuted [sic] the Plaintiff with assault and a bump-up for [violation of probation]. This was the 1st bump-up. Mr. Morgan by another's testimony to the [Florida Bar] accused Morgan as the one who sent to Georgia for Plaintiff's prior record. Upon getting this he altered out of state documents which were misdemeanors 20 years old as 2nd degree felonies. When Plaintiff proved these as uncouncled [sic] misdminors [sic] the points Morgan used as fellonies [sic] to add 12 years to Plaintiff's sentence was deleated [sic] but Morgan added another bump-up to keep Plaintiff's sentence at 15 yrs. No evidentiary hearing was allowed. Based on another's testimony to the [Florida Bar] Morgan was the only person who could have altered the out of state plea form to read and weaver [sic] tpyed inbetween [sic] the word's guity [sic] or not guilty. Georgia later droped [sic] both misdemeanors with good cause. Plaintiff has had over 260 pts removed due to them being added falsely yet refused any relief, evidentiary hearing or a day in court. Plaintiff was told never to file anything until released and he could not file any legal work using his case number. Plaintiff kept fighting for his rights and justice until stopped six [month] before his release so Plaintiff is within his rights now to defend and accuse fundamental error by the D.A. John Morgan for false use of the law and prejudice and

> false repsintatin [sic] of law. . . .  Under [Florida] Rules of Criminal Procedure (State v. Manico [sic]) 714 So.2d 429, 433 (Fla. 1988) holds that a sentence that patently fails to comport with statutory or constitutional limitations is by definition illegal.  The range of sentencing – error or errors in calculation's [sic] of a guidline [sic] score sheet which adverly [sic] the range of sentencing to the face of the records must be corrected under [Florida law and] errors contained within those guidelines require reversal [of Plaintiff's sentence].  Plaintiff humbly ask's [sic] the honorable court to please study all form's [sic] of motion's [sic] to understand these are facts "not made up" but a part of the record.  The law's fundamental error do's [sic] aply [sic] here especially sence [sic] the Court denied Plaintiff an evidentiary hearing or to correct its mistakes or Plaintiff use his case number period.  Plaintiff has proff [sic] of all said plus more.

Doc. No. 16 at 4-5.  Accordingly, the gravamen of Plaintiff's Amended Complaint (Doc. Nos. 12-16) is that he was given an illegal sentence in 1994.  *Id.*   In the Renewed Motion, Plaintiff requests that the Court permit him to proceed in forma pauperis and renews his request for appointment of counsel for Plaintiff.  Doc. No. 11.

## II.  THE LAW.

### A.  The Statute and Local Rules.

The United States Congress has required that the district court review[3] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim.  *See* 28 U.S.C. § 1915.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.  Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>   (A)  the allegation of poverty is untrue; or

---

[3] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

8

>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[4]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B.      Discretion Under 28 U.S.C. § 1915.

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is

---

[4] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

frivolous.[5] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C. Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.* Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329*; Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

### D. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

---

[5] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, <u>when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* (emphasis added). Thus, if an individual brings a Section 1983 action for damages seeking to challenge the legality of his or her conviction or sentence before the conviction or sentence has been invalidated, then a court must dismiss the action as premature. *See Joseph v. State Mutual Life Insurance Company of America*, 196 Fed.Appx. 760, 761 n. 1 (11th Cir. 2006) (unpublished) (citing and quoting *Heck*, 512 U.S. at 486-87).[6]

    **E.**    **Statute of Limitations**.

"Section 1983 claims are governed by the forum state's residual personal injury statute of limitations which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). Thus, for a claim arising in Florida, a plaintiff must bring a Section 1983 claim

within four years of the alleged unlawful conduct. *Id*. at 1103. "A cause of action under § 1983 accrues, and thereby sets the limitations clock running, when the plaintiff knows or should know (1) that [he] has suffered the injury that forms the basis of [his] complaint and (2) has inflicted the injury." *Bricker v. Cobb County Govt. & Personnel*, 2010 WL 3817591 at *1 (11th Cir. Oct. 1, 2010) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). To dismiss such a complaint as time barred under 28 U.S.C. 1915(e)(2)(B)(ii), it must appear beyond a doubt from the complaint itself that there are no set of facts which if proven would avoid a statute of limitations. *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003); *see also Lewis v. Barnick*, 2010 WL 2667368 at *1 (11th Cir. Jul. 6, 2010) (unpublished). [7]

### III. <u>ANALYSIS</u>.

Plaintiff's allegations stem from his conviction and sentence in 1994. *See* Doc. Nos. 1, 12-16. The gravamen of Plaintiff's claims is that he received an illegal sentence in 1994. *Id*. In the Complaint, Plaintiff requests "compensation" for the time he was illegally imprisoned and for the failure of Plaintiff's public defenders to raise the illegality of Plaintiff's sentence before or during sentencing. Doc. No. 1 at 10. Thus, it is clear that Plaintiff is seeking damages under Section 1983 for an illegal sentence. Any judgment in favor of Plaintiff in this case would implicitly, if not specifically, invalidate the 1994 sentence. It is equally clear that Plaintiff was released from prison after serving his fifteen (15) year sentence and not after having his conviction or sentence invalidated. Therefore, the undersigned recommends that the Court find that Plaintiff's claims under Section 1983 are barred and should be dismissed pursuant to *Heck*, 512 U.S. at 486-87.

---

[6] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

The unlawful conduct Plaintiff complains of occurred between 1992 and 1994, about fifteen years ago. Based on the allegations in the Complaint and the Amended Complaint, Plaintiff appears to have known of the injury and who committed the injury in 1994. *See* Doc. Nos. 12-16. Therefore, the statute of limitations expired over a decade before this action was filed. Accordingly, the undersigned **RECOMMENDS** that the Court:

1. **DENY** the Renewed Motion (Doc. No. 11);

2. **DISMISS** the Amended Complaint (Doc. Nos. 12-16) as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the statute of limitations; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this order to Plaintiff by Certified Mail.**

**DONE and ORDERED** in Orlando, Florida on November 9, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties by Certified Mail**

---

[7] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.